**Tommy STANDERFER, Petitioner,**

v.

**Ray H. PAGE and the State of Oklahoma, Respondents.**

**No. A–16631.**

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1971.

Tommy Standerfer, pro se.

Larry Derryberry, Atty. Gen., for respondents.

BUSSEY, Presiding Judge.

Tommy Standerfer, Petitioner herein, alleges that he is being unlawfully confined in the state penitentiary by reason of judgments and sentences rendered against him in the District Court of Pittsburg County. He alleges that he was denied his basic and fundamental rights by the District Court of Pittsburg County, who overruled his application for post conviction relief, his Amended application for post conviction relief, and his Writ of Habeas Corpus Ad Testificandum.

Although the Petitioner alleges these applications were overruled without "hearing or investigation," the Order entered by the 'Honorable Donald Hackler reflects the following:

"To this petition the State had filed its response attaching thereto a copy of the summary of facts filed in State v. Tommy Standerfer, No. F–70–202, and praying for a dismissal of said petition. In said statement of facts dated July 31, 1970, subscribed by the petitioner before the undersigned District Judge, the following questions and answers appear:

'3. Have you had a copy of the information in this case? A. Yes.

4. Do you know that this charge carries with it a penalty up to 10 years in the penitentiary? A. Yes.

8. You have a right to a jury trial. Do you wish to have a jury trial? A. No.

11. Do you plead guilty of your own free will and for the sole reason that you are guilty, and you admit you did the acts charged? A. Yes.

12. Have you been abused, mistreated, or threatened by anyone to have you enter this plea? A. No.

14. Do you understand that you have a right to appeal from any judgment and sentence on written notice of appeal to be given within ten days from this date? A. Yes.

15. Do you wish to exercise your right of appeal, or do you wish to waive your right of appeal? A. Waive.

16. Do you know of any reason or have you any objection at this time why you should not be sentenced now to 3 years OSP? A. No.' "

It is clear from the foregoing that Petitioner entered a plea of guilty with full knowledge of the nature and consequence of such plea, after having been thoroughly and meticulously advised of his constitutional rights and the sentence imposed is well within the range provided by law.

It is also clear that Petitioner's present application is frivolous.

It is therefore the order of this Court that Petitioner's application should be, and the same is hereby denied, and since Petitioner has exhausted his state remedies, any further litigation should be instituted in the Federal Courts. Denied.

BRETT and NIX, JJ., concur.